

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-13-876

| | |
|---|---|
| | **Opinion Delivered** April 16, 2014 |
| DAVID BRIAN BROWN<br>**APPELLANT** | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT<br>[No. CV-2013-6] |
| V. | |
| SEX OFFENDER ASSESSMENT COMMITTEE<br>**APPELLEE** | HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE<br><br>AFFIRMED |

**LARRY D. VAUGHT, Judge**

On August 13, 2007, appellant David Brown was found guilty of third-degree battery in Sebastian County District Court, Fort Smith Division. Although his incarceration was not due to a crime of a sexual nature, because Brown had a history of "non target" sexual offenses, he was required to appear for an assessment interview with the Sex Offender Assessment Committee ("Committee") upon his release from incarceration. The Committee initially assessed him as a "Level 3 Offender" by default, because he did not appear for review. However, he argued that he did not receive notice of the hearing, and there was evidence that supported that contention (the hearing notification had the incorrect street number). Our court remanded after holding that the administrative decision did not contain sufficient findings of fact and conclusions of law for the court to review.

On remand, the Committee assessed Brown at a Level 3, and Brown filed his petition for circuit-court review. The circuit court affirmed the Commission in an order dated June 13, 2013.

SLIP OPINION

On July 8, 2013, Brown filed his notice of appeal with our court alleging that 1) the court erred in requiring mandatory sex-offender registration; 2) the Committee improperly assigned him Level 3 status; and 3) the decision was not supported by substantial evidence. We affirm.

Judicial review of Committee assignments of community-notification levels is governed by the Administrative Procedures Act (APA). Ark. Code Ann. § 25-15-201 (Repl. 2012). The limited scope of judicial review pursuant to the APA is premised on the recognition that administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *Williams v. Ark. State Bd. of Physical Therapy*, 353 Ark. 778, 120 S.W.3d 581 (2003). Under the APA, the court may reverse or modify an agency decision if it prejudices the rights of the petitioner because the administrative findings, inferences, or decision, are not supported by substantial evidence. *Olsten Health Servs., Inc., v. Ark. Health Servs. Comm'n*, 69 Ark. App. 313, 12 S.W.3d 656 (2000). It is not the role of the circuit courts or the appellate courts to conduct a de novo review of the record; rather, the review is limited to ascertaining whether there is substantial evidence to support the agency's decision or whether the agency's decision runs afoul of one of the other criteria set out in section 25-15-212(h). *Wacaser v. Ins. Comm'r*, 321 Ark. 143, 900 S.W.2d 191 (1995).

It is Brown's burden to prove that there is an absence of substantial evidence, which is given the strongest probative force in favor of the agency's ruling. *McQuay v. Ark. State Bd. of Architects*, 337 Ark. 339, 989 S.W.2d 499 (1999). The question is not whether the testimony would have supported a contrary finding, but whether it would support the finding made. *Id.* at

SLIP OPINION

345, 989 S.W.2d at 501–02. It is the prerogative of the board to believe or disbelieve any witness and to decide what weight to accord the evidence. *Id.*, 989 S.W.2d at 502.

As to Brown's first point on appeal, the Committee has no authority to require an individual convicted of a sex offense to register as a sex offender. Registration of sex offenders is not an administrative function. Instead, it is the responsibility of the sentencing court and local law enforcement to make the determination of who does and does not fit the classification of sex offender. The Committee is charged only with the *assessment* of a sex offender, which involves a determination of the degree of legal notice that the community and law enforcement is to receive; and that determination is subject to judicial review. Therefore, the only thing we can review is the *assessment* of the notice level required of Brown as a sex offender, not the *classification* of him as a registration-required sex offender.

As to the actual assessment of Brown, we are satisfied that the Committee followed its procedures and correctly assessed Brown at a Level 3. The record shows that he was a repeat sexual offender; that alone supports the Committee's Level 3 assessment. On February 2, 2006, Brown was convicted of two separate offenses occurring on November 4 and 5, 2005, where Brown exposed himself to a minor or female victim. And his conviction on March 10, 2005, included another conviction of indecent exposure to male victims ages seven and eight, occurring on November 11, 2004. He also admitted (during his interview) to another incident of indecent exposure in August 2003. Brown's documented tendency to expose himself to minors and strangers resulted in an antisocial-personality diagnosis, which also supports the Committee's Level 3 assessment.

Further, the Committee complied with its own established actuarial-determination process in assessing Brown's "risk" score (based on the STATIC-99 score). The score that Brown received placed him in the "Moderate-High" risk category—between 62 and 88 percentile for risk of reoffense relative to other adult male sex offenders. And, contrary to Brown's argument, it is not required that he be assessed in the "High" category to receive a Level 3 assessment. There is no set correlation between the percentiles and the assessment level; instead, it is merely a tool for evaluation, and the Committee is free to believe or disbelieve any witness, evidence, or testimony. *Ark. Bd. of Exam'rs v. Carlson*, 334 Ark. 614, 976 S.W.2d 934 (1998). Here, there was more than substantial evidence to support the Level 3 assessment. Taking Brown's anti-social personality diagnosis, a separate incident of physical, non-sexual violence, his admission in the interview process, the fact that minors were often involved, and that he had numerous offenses (including multiple stranger victims), we agree that the Committee accurately assessed the level of community notice required of Brown under its own procedures and discretion.

Affirmed.

PITTMAN and GLOVER, JJ., agree.

*The Baker Law Firm*, by: *Rinda Baker*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Amy L. Ford*, Sr. Ass't Att'y Gen., for appellee.