Cite as 2019 Ark. App. 396

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-18-807

| | |
|---|---|
| SEX OFFENDER ASSESSMENT COMMITTEE<br><br>APPELLANT<br><br>V.<br><br>WYATT J. COCHRAN<br><br>APPELLEE | **Opinion Delivered:** September 18, 2019<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-17-672]<br><br>HONORABLE BRAD KARREN, JUDGE<br><br>AGENCY AFFIRMED; CIRCUIT COURT AFFIRMED IN PART AND REVERSED IN PART |

## MIKE MURPHY, Judge

Appellant Sex Offender Assessment Committee (Committee) brings this appeal from the Benton County Circuit Court's order of April 19, 2018, which reduced appellee Wyatt Cochran's community-notification risk assessment from a Level 3 to a Level 2. The Committee now brings this appeal pursuant to the Administrative Procedure Act (APA), Arkansas Code Annotated §§ 25-15-201 et seq., arguing that the circuit court erred when it (1) permitted the Committee to be substituted as the respondent after the suit had been filed; (2) admitted certain medical records not contained in the administrative record filed with the court; (3) found that Cochran's due-process rights were violated; (4) found that the Committee's decision was not supported by substantial evidence; (5) found that the Committee's decision was arbitrary and capricious; and (6) found that Cochran's substantial

rights were prejudiced by depriving him access to a higher education. We affirm in part and reverse in part.

In 2016, Cochran pleaded guilty to computer child pornography in violation of Arkansas Code Annotated § 5-27-603 (Repl. 2013), was ordered to serve ten years' probation, and was required to register as a sex offender and comply with registry requirements. Cochran was assessed by a division of the Arkansas Department of Correction known as the Sex Offender Community Notification Assessment Unit (SOCNA) and was assigned as a "Community Notification Risk Level 3." Cochran timely requested an administrative review from the Committee, asserting that substantial evidence did not support the Level 3 assessment, that the SOCNA staff did not properly follow rules and procedures because there was neither a thorough review of Cochran's mental-health or treatment records nor an attempt by SOCNA to contact the treatment providers, and there appeared to be no significant psychological testing completed. Cochran submitted additional information to the Committee for its review, which consisted of a letter from the Teen Action & Support Center confirming that Cochran had completed eight counseling sessions before being referred to Ozark Guidance for group counseling, another letter confirming he had completed group counseling from Ozark Guidance, and the number and contact information for Cochran's counselor at Fresh Roots. The Teen Action & Support Center letter also confirmed that the Center had not received any requests regarding information needed to establish an appropriate level for the sex- offender registry.

After reviewing the additional documentation and the SOCNA file, among other things, with Cochran's assessment interview, the Committee voted to uphold the Level 3

2

assessment. Specifically, the Committee found that the allegation that staff failed to obtain records of Cochran's treatment did not warrant setting aside his Level 3 assessment because it appeared that "the SOCNA staff took [Cochran] at his word" in the interview. Cochran timely sought judicial review.

Following the first status hearing on June 6, 2017, upon no motion of either party, the circuit court entered an order finding an "irregularity in the proceedings below not fully developed by the record." Specifically, the circuit court stated that the Committee noted in its review that a failure to obtain Cochran's mental–health records was not a basis to set aside the assessment because the Committee took Cochran "at his word," yet one of the interviewers accused Cochran of lying and "not being honest." The circuit court found that Cochran's mental–health records from the Teen Action & Support Center, Ozark Guidance, and Fresh Roots were relevant and should be admitted into evidence to determine whether his treatment enhanced his impulse control and decreased the likelihood of reoffending. The court found these records relevant and admissible but ordered that no additional evidence or expert testimony would be allowed. Ultimately, only records from the Teen Action & Support Center were admitted.

At a motion hearing on January 29, 2018, the circuit court heard testimony regarding the Committee's requested dismissal on the basis that it had been incorrectly identified as "Arkansas Department of Correction (SOCNA)" as opposed to "Arkansas Department of Correction Sex Offender Assessment Committee (SOAC)." The circuit court denied the dismissal, finding that the APA allows for modification of documents, and it gave Cochran thirty days to amend the petition, which he timely did.

On April 19, 2018, after reviewing the record and the briefs and hearing counsel's arguments, the circuit court modified Cochran's Level 3 assessment to a Level 2, finding that substantial evidence did not support a Level 3 assessment and that the agency had violated Cochran's due-process rights and prejudiced his substantial rights. The Committee timely appealed.

The Committee first argues that because Cochran did not sue the Committee within the thirty-day deadline imposed by the APA, his petition for judicial review should have been denied. Upon receipt of the findings, Cochran was required to file a petition for judicial review within thirty days of his receipt of the Committee's final findings. Ark. Code Ann. § 12-12-922(b)(7)(A)(ii) (Repl. 2016). Arkansas Code Annotated section 12-12-922(b)(8)(A)(i) provides that a copy of the petition for judicial review shall be served on the executive secretary of the committee in accordance with the Arkansas Rules of Civil Procedure. When the petition for judicial review has been served on the executive secretary of the committee, a record of the committee's findings and copies of all records in its possession shall be furnished by the committee to the circuit court within thirty days of service. Ark. Code Ann. § 12-12-922(b)(8)(A)(ii).

The Committee asserts that it issued the judicially reviewable decision on May 10, 2017, but was not named a party to the action until February 21, 2018. According to the record, Cochran commenced this case by filing his petition for judicial review on April 21, 2017, despite the fact that the Committee had yet to issue its decision.[1] On May 5, a hearing

---

[1]The petition explained that, at the time, 140 days had passed since the original request for administrative review to the Committee had been submitted and that a final administrative order had yet to be entered, in effect denying the request.

4

was set in the circuit court for June 6. On May 10, the Committee issued its decision upholding the Level 3 assessment. On June 6, Cochran filed an amended petition addressing the Committee's review. However, both the original and the amended petition for judicial review designated "Arkansas Department of Correction (SOCNA)" as the only respondent. The certificate of service shows that Cochran served the petitions on "Sheri J. Flynn, SOCNA Administrator, Arkansas Department of Administration." It was not until December 7, 2017, in its respondent's brief, that the Committee accused Cochran of failing to name the proper respondent and argued that this failure warranted dismissal of the action. The circuit court disagreed, finding that the APA allows for modification of documents and that Cochran had thirty days to amend the petition and serve the Committee.

The Committee characterizes itself and SOCNA as two separate parties and entities.[2] We disagree. Both are a division of the Arkansas Department of Correction; both share the same P.O. Box for service of process; both were represented before the circuit court by the Arkansas Attorney General's Office; and they each responded identically to the "Petition for Judicial Review." Additionally, the letter stating that the Committee had received notice of an administrative review was written on SOCNA letterhead, even though the request itself was addressed to the Committee. Lastly, the record before us does not contain any evidence explaining who the executive secretary of the Committee is and who should have been served per Arkansas Code Annotated section 12-12-922(b)(8)(A)(i). The Committee was not prejudiced and had notice of this action as evidenced by the fact that it submitted

---

[2]The Committee's "Guidelines and Procedures" note that SOCNA works "under the auspices of the [the Committee]."

5

its findings and record to the circuit court; despite this, the Committee failed to raise this issue until well into the proceedings.

In light of the foregoing analysis, we conclude that the circuit court did not err by denying the Committee's request for dismissal and allowing Cochran to amend his petition for judicial review to designate the Committee rather than SOCNA as the respondent. To the extent that the circuit court did not apply the same line of reasoning as we do on this issue, the circuit court may be affirmed if it is correct for any reason. *See Bowen v. Gardner*, 2013 Ark. App. 52, at 8, 425 S.W.3d 875, 879.

We now address the Committee's argument that the circuit court erred when it found that substantial evidence did not support the Committee's decision to uphold a Level 3 assessment. The Committee does not challenge the substantial-evidence finding until its fourth argument on appeal. However, because our review is limited to the agency's decision, *see Reed v. Arvis Harper Bail Bonds, Inc.*, 2010 Ark. 338, at 3, 368 S.W.3d 69, 72, we will address this argument next.

Under the APA, the circuit court may reverse or modify an agency decision if it prejudices the rights of the petitioner because the administrative findings, inferences, or decision are not supported by substantial evidence. *Brown v. Sex Offender Assessment Comm.*, 2014 Ark. App. 236, at 2–3. It is not the role of either the circuit courts or the appellate courts to conduct a de novo review of the record; rather, the review is limited to ascertaining whether there is substantial evidence to support the agency's decision or whether the agency's decision runs afoul of one of the other criteria set out in section 25-15-212. *Id.*

It is Cochran's burden to prove an absence of substantial evidence, which is given the strongest probative force in favor of the agency's ruling. *Id*. The question is not whether the testimony would have supported a contrary finding but whether it would support the finding made. *Id*.

The Committee's "Guidelines and Procedures" designate the levels as follows:

Level 2: Typically offenders in this category have a history of sexual offending where notification inside the home is insufficient. Community notification requires notice to the offender's known victim preference and those likely to come into contact with the offender.

Level 3: Typically offenders in this category have a history of repeat sexual offending, and/or strong antisocial, violent or predatory personality characteristics. These are individuals whose offense and criminal history require notification throughout the community.

004-00-3 Ark. Code R. 22 (Weil 2014).

Based on the administrative record, we are satisfied that the Committee correctly assessed Cochran as a Level 3 offender. Cochran, who was seventeen years old at the time, had online conversations with the twelve-year-old victim who initiated this case, which included references to performing oral sex on the victim, taking a shower together, having a threesome with the victim and the victim's friend, masturbating with the victim, and "sexting" the victim. He met the victim at the latter's elementary school, where he "made out" with the victim and the victim's fourteen-year-old friend. Cochran also testified in his interview that his sexual behavior caused him legal problems another time. He explained that when he was sixteen years old, he "got pulled in because [he] was inappropriately talking to somebody on kik messenger," but that "no convictions were made. They just gave [him] a warning." A year later, he was convicted on this underlying offense. The record

is replete with Cochran's admissions to other instances involving young victims that support his Level 3 assessment. With all this in mind, we cannot say Cochran was improperly assessed.

Cochran argues that "the internet is the modern gateway to exploring sexuality" and that we should consider his offenses "within the adolescence developmental context." This, however, does not negate his "predatory personality characteristics." Moreover, Cochran was charged as an adult for the underlying offense, and age is not a specific factor SOCNA must consider. *See* 004-00-3 Ark. Code R. 12 (Weil 2014). In light of this analysis, we hold that Cochran has failed to meet his burden of proof, and substantial evidence supported the agency's Level 3 designation. Because substantial evidence existed to support the assessment, it automatically follows that the assessment cannot be classified as unreasonable or arbitrary.

As noted at the beginning of this opinion, the Committee makes two additional arguments on appeal that we have not addressed. However, because our review is directed toward the decision of the agency and not the circuit court, and because we agree with the Committee that substantial evidence supports SOCNA's assessment, we need not address its remaining points on appeal.

Agency affirmed; circuit court affirmed in part and reversed in part.

ABRAMSON and HIXSON, JJ., agree.

*Leslie Rutledge*, Att'y Gen., by: *Nga Mahfouz*, Sr. Ass't Att'y Gen., for appellee.

*Keith, Miller, Butler, Schneider & Pawlik, PLLC*, by: *Mason L. Boling*, for appellee.