

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-297

| | |
|---|---|
| STATE OF ARKANSAS SEX OFFENDER RISK ASSESSMENT COMMITTEE<br><br>APPELLANT<br><br>V.<br><br>MICHAEL G. WALLACE<br>APPELLEE | Opinion Delivered November 6, 2013<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CV-11-58-1]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br>AGENCY AFFIRMED; CIRCUIT COURT REVERSED |

**KENNETH S. HIXSON, Judge**

This appeal concerns the community notification level assigned to appellee Michael Wallace pursuant to the Sex Offender Registration Act of 1997. The express purpose of that act is to release certain information about sex offenders to the public in order to protect the public safety. Ark. Code Ann. § 12-12-902 (Repl. 2009). Appellant State of Arkansas Sex Offender Risk Assessment Committee appeals the order entered by the Garland County Circuit Court reducing Wallace's notification level from a Level 2 to a Level 1. The Committee contends that the agency decision setting notification at a Level 2 was supported by substantial evidence and should be affirmed. We agree and affirm the agency decision, reversing the circuit court order.

This appeal is governed by the Administrative Procedures Act ("APA"). The APA provides that an agency decision may be reversed if the substantial rights of the petitioner have

SLIP OPINION

been prejudiced because the administrative findings, inferences, conclusions, or decisions are: in violation of constitutional or statutory provisions; in excess of the agency's statutory authority; made upon unlawful procedure; affected by other error or law; not supported by substantial evidence of record; or arbitrary, capricious, or characterized by an abuse of discretion. Ark. Code Ann. § 25-15-212(h) (Repl. 2002). The appellate court's review is directed not toward the circuit court but toward the decision of the agency. *Holloway v. Ark. State Bd. of Architects*, 352 Ark. 427, 101 S.W.3d 805 (2003). Our court reviews the entire record to determine whether any substantial evidence supports the agency decision. *Ark. Dep't of Corr. Sex Offender Screening & Risk Assessment v. Claybaugh*, 93 Ark. App. 11, 216 S.W.3d 134 (2005). In determining whether substantial evidence exists to support an agency decision, we ascertain whether there is relevant evidence that a reasonable mind might accept as adequate to support the agency's conclusion. *Id*. The issue is not whether we would have made a different decision, but rather whether reasonable minds could conclude as the agency did. *Id*.

Wallace was subject to registering as a sex offender following his 2007 no-contest plea to sexual assault in the fourth degree, a misdemeanor. He was initially charged with rape. Wallace, age eighteen at the time, was accused of having sexual intercourse with the fourteen-year-old sister of Wallace's friend during an overnight stay at the friend's home. The crime to which he pleaded guilty required proof that the defendant engaged in sexual contact with another person who was less than sixteen years old. Ark. Code Ann. § 5-14-127(a)(2) (Repl. 2006).

The Sex Offender Registration Act of 1997 required that guidelines and procedures be put in place for the disclosure of relevant and necessary information regarding sex offenders to the public. *Gwaltney v. Sex Offender Assessment Comm.*, 2009 Ark. App. 668. These guidelines and procedures must identify factors relevant to an offender's future dangerousness and likelihood of reoffense or threat to the community. Ark. Code Ann. § 12-12-913(c)(2)(A) (Repl. 2009). These guidelines and procedures must set forth the extent of information to be made public, depending on the offender's level of dangerousness, pattern of offending behavior, and the extent to which the information will enhance public safety. Ark. Code Ann. § 12-12-913(c)(2)(B) (Repl. 2009). An individual assessment of each sex offender's risk to the public must be made. Ark. Code Ann. § 12-12-917(b) (Repl. 2009). The assessor should consider factors such as the offender's criminal history, the interview, a polygraph examination, any relevant mental–health records, psychological testing, actuarial instruments designed to assess individuals convicted of sexual offenses, and any other information relevant to the offender's history and/or pattern. *Gwaltney*, *supra*.

The Sex Offender Assessment Committee Guidelines and Procedures describe the community notification levels as 1 (low) through 4 (high), compatible with the public's need to know about the sex offender depending upon the severity of risk to the public. As relevant to this appeal, the levels are described as follows:

> Level 1: Typically offenders in this category have no prior history of sexual offending and the community can be protected with notification inside the home and to local law enforcement authorities.

> Level 2: Typically offenders in this category have a history of sexual offending where notification inside the home is insufficient. Community notification requires notice

3

to the offender's known victim preference and those likely to come into contact with the offender.

Wallace was interviewed as part of his assessment. According to Wallace, he had just graduated high school and was spending the night with a friend when the friend's sister came home from a party, where she had been drinking and smoking marijuana. Wallace said that she told him that she was sixteen. He admitted that they engaged in kissing and heavy petting, which he said was consensual, but he denied having intercourse with her. Investigative materials included medical documentation evidencing that the female's genitalia showed abrasions consistent with penetrating trauma. A condom wrapper was found in her bedroom's wastebasket. Wallace denied ever attending sex-offender treatment. The interviewer observed that "Wallace took no responsibility for this offense." Actuarial indicators showed a low-to-moderate risk to reoffend.

Wallace was assigned a community notification Level 2, which he appealed to circuit court. The circuit court found that there was no evidence of any sexual misbehavior apart from this offense, in the years preceding and following this event. The circuit court determined that anything other than the minimum level of notification was arbitrary, capricious, and not supported by substantial evidence. This appeal followed.

We hold that the agency decision is supported by substantial evidence. In *Gwaltney*, *supra*, our court upheld an administrative decision to assign a Level 2 designation to Mr. Gwaltney where he had only one known victim, he had not participated in sex-offender treatment, and he was an adult male who admitted to sexual contact with a fourteen-year-old



girl. Our court recognized there that because Gwaltney's victim was outside his home, a Level 1 assessment would not be sufficient. The same is true here.

Because substantial evidence supports the assessment at Level 2, we affirm the agency decision and reverse the circuit court.

WALMSLEY and BROWN, JJ., agree.

*Dustin McDaniel*, Att'y Gen., by: *Amy L. Ford*, Ass't Att'y Gen., for appellant.

*Hurst, Morrissey & Hurst, PLLC*, by: *Q. Byrum Hurst, Jr.*, for appellee.