

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–15–753

| | |
|---|---|
| VERNON KEITH DILLARD<br><br>APPELLANT<br><br>V.<br><br><br>SEX OFFENDER ASSESSMENT COMMITTEE<br><br>APPELLEE | Opinion Delivered: MARCH 2, 2016<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. CV-14-76-1]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

This appeal concerns the community-notification level assigned to appellant Vernon Keith Dillard pursuant to the Sex Offender Registration Act of 1997.[1] The express purpose of that Act is to release certain information about sex offenders to the public in order to protect the public safety. Ark. Code Ann. § 12-12-902 (Repl. 2009). On January 8, 2014, appellee Sex Offender Assessment Committee (SOAC) assessed Mr. Dillard as a Level 4 sex offender. Mr. Dillard sought judicial review of the SOAC's assessment, and on June 2, 2015, the Garland County Circuit Court entered an order upholding appellant's status as a Level 4 sex offender and denying him any relief. Mr. Dillard now appeals to this court, arguing that the SOAC lacked statutory authority to declare him a Level 4 sex offender and

---

[1] It is undisputed that Mr. Dillard is required to register as a sex offender.

SLIP OPINION

asking that we reverse and modify his status to that of a Level 3 sex offender. We affirm the agency decision, and we therefore affirm the circuit court order.

This appeal is governed by the Administrative Procedure Act (APA). For purposes of our review in this case, the APA provides that an agency decision may be reversed or modified if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; or (4) affected by other error of law. Ark. Code Ann. § 25-15-212(h) (Repl. 2014). The appellate court's review is directed not toward the circuit court but toward the decision of the agency. *State Sex Offender Assessment Comm. v. Wallace*, 2013 Ark. App. 654. In this case, Mr. Dillard does not challenge the sufficiency of the evidence supporting the SOAC's decision or allege an abuse of discretion; he instead claims only that the agency's decision was in excess of its statutory authority under the provisions of the Sex Offender Registration Act. Therefore, our review is limited to ascertaining whether the agency's decision runs afoul of one of the criteria set out in section 25-15-212(h)(1)−(4). *See Brown v. Sex Offender Assessment Comm.*, 2014 Ark. App. 236.

The record demonstrates that Mr. Dillard has multiple prior convictions for sex offenses committed against young boys. In 1983, Mr. Dillard was convicted of sodomy in Oklahoma after admitting to oral sex with a twelve-year-old male. In 1987, also in Oklahoma, Mr. Dillard pleaded guilty to indecent proposal to a child, and in that case the victims were brothers, ages ten and thirteen. Mr. Dillard's most recent conviction occurred

in Arkansas in 1992 after he pleaded guilty to rape committed against a twelve-year-old male, and he was sentenced to thirty-five years in prison.

While Mr. Dillard remained incarcerated in Arkansas in 2007, the SOAC assessed him as a Level 4 sex offender. Mr. Dillard was released from prison in 2010, and in February 2013 he requested a reassessment of his community-notification level.[2] Based on the assessment process, an assessment report was completed and the Community Notification Assessment Unit assigned Mr. Dillard as a Level 4 sex offender. On administrative review, the SOAC found by a majority vote that Mr. Dillard was a sexually dangerous person, and thus confirmed that he was a Level 4 sex offender. The SOAC made extensive findings of fact in support of its decision, including that Mr. Dillard's 1992 conviction was a result of his forcible rape of a minor; that Mr. Dillard had subsequently been removed from a sexual-abuse treatment program because of his nonamenability to treatment; that Mr. Dillard's screening scale for pedophilic interest was at the highest level; and that Mr. Dillard minimized his prior offenses because, according to him, all of the child victims gave their "consent." It is from this reassessment as a Level 4 sex offender that Mr. Dillard appealed to the circuit court and now to the court of appeals.

The Sex Offender Assessment Committee Guidelines and Procedures describe the community-notification levels as 1 (low) through 4 (high), compatible with the public's

---

[2] Arkansas Code Annotated section 12-12-917(h) (Supp. 2015) provides that a sex offender or sexually dangerous person may request the committee to reassess the assigned risk level of the sex offender after five years have elapsed from the initial risk assessment.

3

need to know about the sex offender depending on the severity of risk to the public. As

relevant to this appeal, the levels are described as follows:

> Level 3: Typically offenders in this category have a history of repeat sexual offending, and/or strong antisocial, violent or predatory personality characteristics. These are individuals whose offense and criminal history require notification throughout the community.
>
> Level 4: Sexually Dangerous Person refers to a person who has been adjudicated guilty of a sex offense or acquitted on the grounds of mental disease or defect of a sex offense and who suffers from a mental abnormality or personality disorder that makes the person likely to engage in predatory sex offenses. The designation indicates that the highest and most visible means of community notification is required.

The Level 4 designation requires a finding that the offender is a "sexually dangerous person,"

which is also defined in the Sex Offender Registration Act of Arkansas Code Annotated at

section 12-12-903(15)(A) (Supp. 2015). Prior to a 2013 amendment, the same statutory

definition was used to define a "sexually violent predator." However, the 2013 amendment

also added § 12-12-903(15)(B), which provides that "[a] person previously classified as a

sexually violent predator is now considered a sexually dangerous person." So it is clear that

the terms "sexually violent predator" and "sexually dangerous person" are synonymous.

In this appeal, Mr. Dillard argues that the SOAC erred, as a matter of law, in declaring

him a Level 4 sex offender because no *court* had ever, within the time and manner required

by law, declared him to be a "sexually dangerous person." Mr. Dillard relies on Arkansas

Code Annotated section 12-12-918 (Supp. 2015), which provides:

> (a)(1) In order to classify a person as a sexually dangerous person, a prosecutor may allege on the face of an information that the prosecutor is seeking a determination that the defendant is a sexually dangerous person.
>> (2)(A) If the defendant is adjudicated guilty, the court shall enter an order directing an examiner qualified by the Sex Offender Assessment Committee

to issue a report to the sentencing court that recommends whether or not the defendant should be classified as a sexually dangerous person.

(B) Copies of the report shall be forwarded immediately to the prosecutor and to the defense attorney.

(C) The report shall not be admissible for purposes of sentencing.

(3) After sentencing, the court shall make a determination regarding the defendant's status as a sexually dangerous person.

(b)(1) In order for the examiner qualified by the committee to prepare the report:

(A) The defendant may be sent for evaluation to a facility designated by the Department of Correction; or

(B) The committee may elect to send an examiner to the local or regional detention facility.

(2) The cost of the evaluation shall be paid by the Department of Correction.

(c)(1) Should evidence be found in the course of any assessment conducted by the committee that a defendant appears to meet the criteria for being classified as a sexually dangerous person, the committee shall bring this information to the attention of the prosecutor, who will determine whether to file a petition with the court for the defendant to be classified as a sexually dangerous person.

(2) The sentencing court shall retain jurisdiction to determine whether a defendant is a sexually dangerous person for one (1) year after sentencing or for so long as the defendant remains incarcerated for the sex offense.

(d)(1) The judgment and commitment order should state whether the offense qualified as an aggravated sex offense.

(2) Should the aggravated sex offense box not be checked on the commitment order, the court will be contacted by the committee and asked to furnish a written determination as to whether the offense qualifies as an aggravated sex offense.

Mr. Dillard contends that the above legislation mandates that, for a defendant to be classified as a sexually dangerous person and thus subject to a Level 4 assessment, such finding must be made by a court and not the SOAC. Mr. Dillard argues that, because the SOAC did not have the statutory authority to declare him a Level 4 offender, we should reverse and modify his offender level to Level 3.

We conclude that the SOAC did not exceed its statutory authority in finding Mr. Dillard to be a sexually dangerous person and assessing him as a Level 4 sex offender.

The Sex Offender Registration Act was not enacted until 1997. Therefore, the court presiding over Mr. Dillard's rape conviction in 1992 could not have made such a designation under the terms of Arkansas Code Annotated section 12-12-918, as that section did not yet exist.

Moreover, the SOAC's Guidelines and Procedures explain the following options for designating a sexually dangerous person:

> Potential routes for determination as to whether an individual should be designated a Sexually Dangerous Person:
>
> 1. Pursuant to § 12-12-918, a prosecutor may allege SDP status and upon conviction, the Court shall enter an order for an assessment by an examiner qualified by the SOAC. SOCNA will prepare a report to be sent to the Court with copies to the prosecuting attorney and the defense attorney. Upon receipt of a report, the Court shall determine if SDP status is appropriate.
>
> 2. Pursuant to A.C.A § 12-12-922, if during the course of a SOCNA assessment grounds are found for believing that an individual may be a SDP, that information will be presented to the SOAC by SOCNA. SOAC will determine whether the offender meets the criteria for SDP by a majority vote.

The potential routes as described above are accurate.

Arkansas Code Annotated section 12-12-918 pertains to offenders during the prosecution of a criminal case, and permits the trial court to classify a person as a sexually dangerous person. However, Arkansas Code Annotated section 12–12–922 (Supp. 2015) alternatively gives the SOAC authority to conduct its own assessment on the issue. Arkansas Code Annotated section 12-12-922(a) provides:

> (a)(1)  The alternative procedure under this section may be used for sexually dangerous person evaluations if information that was not available to the court at the time of trial emerges in the course of a sex offender evaluation.
> (2)(A)  Examiners qualified by the Sex Offender Assessment Committee shall include in the assessment of any sex offender convicted of a sex offense a review as

to whether the frequency, repetition over time, severity of trauma to the victim, or established pattern of predatory behaviors suggests that the sex offender is likely to engage in future predatory sexual offenses.

   (B)   If a mental abnormality or personality disorder is suspected, a licensed psychologist or psychiatrist qualified by the committee may conduct further assessment to determine the presence or absence of a mental abnormality or personality disorder.

   (C)  If further assessment under subdivision (a)(2)(B) of this section is conducted by a licensed psychologist or psychiatrist qualified by the committee, the report of the further assessment shall be presented to the committee.

Pursuant to subsection 12-12-922(b)(1)(A), a sex offender may challenge an assigned risk level by submitting a written request for an administrative review. Pursuant to subsection 12-12-922(b)(4)−(6), the administrative review is conducted by the SOAC, and after its review, the SOAC issues its findings to the sex offender. Ark. Code Ann. § 12-12-922(b)(7)(A)(i). Consequently, contrary to appellant's argument, there was statutory authority for SOAC to find him to be a sexually dangerous person.[3] Therefore, we affirm the agency's assessment of appellant as a Level 4 sex offender.

     Affirmed.

     KINARD and WHITEAKER, JJ., agree.

     *Tapp Law Firm, P.A.*, by: *Tyler C.M. Tapp III*, for appellant.

     *Leslie Rutledge*, Att'y Gen., by: *Nga Mahfouz*, Ass't Att'y Gen., for appellee.

---

[3] We observe that our supreme court previously affirmed an agency assessment of a Level 4 sex offender in *Parkman v. Sex Offender Screening & Risk Assessment Committee*, 2009 Ark. 205, 307 S.W.3d 6.