Cite as 2020 Ark. 350

# SUPREME COURT OF ARKANSAS

No. CR-20-297

| | | |
|---|---|---|
| EDMOND LEWIS | | **Opinion Delivered:** October 29, 2020 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE |
| V. | | HOWARD COUNTY CIRCUIT COURT |
| | | [NOS. 31CR-14-23; 31CR-14-25] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE TOM COOPER, JUDGE |
| | | |
| | | <u>AFFIRMED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Edmond Lewis appeals the trial court's order denying Lewis's pro se petition for a writ of error coram nobis. In the petition filed in the trial court, Lewis alleged that his guilty plea to three counts of commercial burglary was coerced by two police officers who threatened to charge his wife in the pending criminal case. The trial court denied the petition, finding Lewis had signed plea agreements and had testified during the plea hearing that his plea was voluntary and was not coerced. The trial court further found that Lewis had not been diligent in raising the issue of coercion. As Lewis has failed to demonstrate that the trial court abused its discretion in declining to grant the relief sought, the order is affirmed.

In 2014, Lewis entered a negotiated plea of guilty in the Howard County Circuit Court in two criminal cases: 31CR-14-23 and 31CR-14-25. In case number 31CR-14-23, Lewis pleaded guilty to one charge of commercial burglary and was sentenced as a habitual

offender under Arkansas Code Annotated section 5-4-501(b) (Repl. 2006) to 360 months' imprisonment. In case number 31CR-14-25, Lewis pleaded guilty to two additional charges of commercial burglary for which he was sentenced as a habitual offender to an aggregate term of 420 months' imprisonment. The sentences in these two Howard County criminal cases were to run concurrently with the sentences to be imposed for the multiple offenses committed by Lewis in Sevier County.

The standard of review for an order on a petition for writ of error coram nobis is abuse of discretion in granting or denying the writ. *Pitts v. State*, 2020 Ark. 7, 591 S.W.3d 786. An abuse of discretion occurs when the trial court acts arbitrarily or groundlessly. *Id.* There is no abuse of discretion in the denial of error coram nobis relief when the claims in the petition were groundless. *Osburn v. State*, 2018 Ark. 341, 560 S.W.3d 774.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Dednam v. State*, 2019 Ark. 8, 564 S.W.3d 259. A writ of error coram nobis is available to address certain errors that are found in one

2

of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. Error coram nobis proceedings are attended by a "strong presumption" that the judgment of conviction is valid. *Nelson v. State*, 2014 Ark. 91, at 3, 431 S.W.3d 852, 854.

As stated above, Lewis argues that his guilty plea was coerced when two police officers threatened to charge his wife. Lewis fails to disclose when and under what circumstances the threat was made and whether there was a basis for any charges to be brought against his wife. Lewis also contends that he discussed this threat with counsel who dismissed it as a "grey area" that counsel did not want to hear about.

To prevail on a claim that a writ of error coram nobis is warranted because a plea was coerced, the petitioner bears the burden of establishing that the plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as grounds for a finding of coercion. *Hall v. State*, 2018 Ark. 319, 558 S.W.3d 867. This court has held that to rise to the level of coercion to warrant issuance of the writ, allegations that a plea was coerced must demonstrate the compulsion of a free agent by physical, moral, or economic force or threat of physical force. *Ramirez v. State*, 2018 Ark. 32, 536 S.W.3d 614.

Lewis's claim of coercion is unsubstantiated and is contradicted by Lewis's representations to the trial court that his plea was voluntary and not the result of any coercion. According to Lewis, he chose to plead guilty because counsel did not consider the alleged threat to be serious enough to negate the plea negotiations. A claim that a guilty plea

was the result of improvident advice from counsel is essentially an allegation of ineffective assistance of counsel with the underlying claim that the plea was not entered intelligently and voluntarily because of counsel's advice. *Griffin v. State*, 2018 Ark. 10, 535 S.W.3d 26. Such claims are not cognizable in coram nobis proceedings. *Id.*

Even if Lewis's claim that he was compelled to plead guilty is substantiated, he has not pursued the claim with diligence. This court has consistently held that due diligence is required in making an application for coram nobis relief, and in the absence of a valid excuse for delay, the petition can be denied on that basis alone. *Makkali v. State*, 2019 Ark. 17, 565 S.W.3d 472. This court will itself examine the diligence requirement and deny a petition when it is evident that a petitioner failed to proceed diligently. *Id.* Due diligence requires that (1) the defendant be unaware of the fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) upon discovering the fact, the defendant did not delay bringing the petition. *Mosley v. State*, 2018 Ark. 152, 544 S.W.3d 55. Here, Lewis was clearly aware of the alleged threat when he pleaded guilty and represented to the court that his plea was voluntary. Lewis did not disclose to the trial court that he had allegedly been threatened to plead guilty, and Lewis has waited over five years to raise this allegation in his petition for the issuance of a writ of error coram nobis. Lewis has not offered any excuse for this delay. In sum, Lewis has failed to demonstrate that he acted with due diligence in bringing his coram nobis claim.

Affirmed.

HART, J., dissents.

4

JOSEPHINE LINKER HART, Justice, dissenting. Lewis's claim of a coerced guilty plea deserves an evidentiary hearing. Concluding otherwise, the majority points to the fact that Lewis stated he was not acting under coercion or threats at the time he pled guilty. But where one alleges coercion, that he submitted to the alleged coercion is not evidence that no coercion ever occurred. Lewis's whole point is that he made those statements and only pled guilty only because of the alleged threats by the State against his wife. The majority also points to Lewis's failure to raise this claim for six years, but in my view, this issue would be better addressed at an evidentiary hearing. Lewis's petition alleges that his previous attorney essentially shut down any pursuit of the coercion claim. That Lewis had been relying upon advice of counsel would be relevant to any assessment of his diligence. In short, when one alleges coercion at the hands of the State, there must be a fulsome hearing to determine the truth of the allegations so to preserve the public's trust in the judiciary and to empty any concerns of impropriety. Accordingly, I would reverse for an evidentiary hearing.

*Edmond R. Lewis*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.