Cite as 2021 Ark. App. 44

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CV-19-632

| | |
|---|---|
| STEPHEN C. WEBB<br><br>APPELLANT<br><br>V.<br><br>SEX OFFENDER ASSESSMENT COMMITTEE<br><br>APPELLEE | **OPINION DELIVERED:** FEBRUARY 3, 2021<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-17-935]<br><br>HONORABLE GARY ARNOLD, JUDGE<br><br>REVERSED |

## ROBERT J. GLADWIN, Judge

Stephen C. Webb appeals the Saline County Circuit Court's orders denying his petition for judicial review of the Arkansas Sex Offender Assessment Committee's (SOAC's) decision that he be designated at level 2 for community-notification purposes. He argues in four points on appeal that his community-notification level should be lowered to level 1. We reverse.

### I. *Agency and Judicial Review*

Pursuant to motions filed by the parties on appeal, our court issued its per curiam order on January 15, 2020, and stated the facts as follows:

> In February 2014, Webb was convicted in Texas of a single count of indecency with a child. Webb subsequently moved to Arkansas and completed a sex-offender assessment. In February 2017, the [SOAC], the appellee herein, notified Webb of a level 2 community-notification assignment. Webb disputed the assignment and requested an administrative review. In August 2017, the SOAC issued its final administrative order upholding the assignment. Webb filed a timely appeal with the Saline County Circuit Court. The circuit court affirmed the administrative decision. Webb then initiated this appeal of the circuit court's order

affirming his community-notification level. In his notice of appeal, Webb designated the entire circuit court record as the record on appeal.

*Webb v. Sex Offender Assessment Comm.*, 2020 Ark. App. 30, at 1 (per curiam).

As noted above, on September 21, 2017, Webb filed a timely petition in the circuit court for judicial review of the SOAC's community-notification assignment. On October 6, the SOAC filed a motion for leave to file the administrative record under seal, and on November 8, the circuit court granted the SOAC's request to file the record under seal. However, no record was filed.

The case remained in the circuit court with no filings until a letter from the circuit judge's office, dated December 28, 2018, was filed on January 2, 2019. The letter informed the parties that no action had been taken on the case for over one year and asked for notification in writing regarding whether the case had been finalized or needed to remain open. In response, Webb wrote that the case needed to remain open and that the last correspondence he had received was a letter from opposing counsel requesting a briefing schedule, which Webb had never received.

On February 7, the circuit court set a schedule for Webb to file his brief by March 8, and the SOAC's responsive brief was due within fifteen days thereafter. Webb's reply brief, if any, was due within ten days of the SOAC's responsive brief. Webb responded on February 13 and asked for a twenty-one-day extension of the briefing schedule, which would make his brief due on or before March 29, with the response due fifteen days thereafter and the reply due within ten days of the response. The record reflects that Webb filed his brief on March 8. The SOAC filed its responsive brief on March 26, and Webb filed his reply on April 5.

2

On April 15, the circuit court denied Webb's petition for judicial review as follows:

> Having fully considered the pleadings and arguments briefed by the parties, the Court finds that the decision reached by the Arkansas Sex Offender Assessment Committee ("SOAC") in its administrative review of Petitioner's assigned community notification level should be affirmed because it was supported by substantial evidence of record and as such, was not arbitrary, capricious, or characterized by an abuse of discretion. The Court will not consider Petitioner's constitutional claims, because he has failed to cite any controlling legal precedent in support of the claims. Moreover, Petitioner failed to raise any constitutional claims in his request for administrative review and therefore has waived them.
>
> For these reasons, the Court finds that Petitioner's Petition for Judicial Review should be and hereby is denied.

Webb then filed a "Motion for Withdrawal of Order Denying Petition for Judicial Review," arguing that the circuit court had signed the precedent provided by the SOAC before time had run for him to file his reply brief. By order filed April 22, the circuit court denied Webb's motion, stating in part, "[T]his Court affirmed the decision of the Arkansas Sex Offender Assessment committee based upon the Court's review of the record, including all pleadings and arguments of the parties, as provided by A.C.A. § 25-15-212." Webb filed a timely notice of appeal of the circuit court's orders.

## II. *Appellate Motions*

Our per curiam sets forth the procedural history in this court as follows:

> In August 2019, after the record was lodged, Webb filed a motion to supplement the record. In this motion, he contended that although he designated the entire circuit court record as the record on appeal, the administrative record was not included in the circuit court's transmittal of the record to our clerk's office. We treated Webb's motion as one to settle the record and issued a writ requiring the circuit clerk to certify and transmit a true and complete transcript of the record and proceedings. The circuit clerk returned the writ, indicating that the administrative record was never filed in the circuit court; as a result, the record was complete as previously submitted.

The SOAC then filed a motion to settle the record. The SOAC admitted that the administrative record had not been filed in the circuit court due to an "inadvertent oversight" and requested that we issue another writ directing the circuit clerk to file the administrative record, certify it, and supplement the record on appeal. We denied the SOAC's motion.

Webb has now filed the current motion to settle the record, requesting that we order the SOAC to submit a certified copy of the administrative record directly to this court. Webb contends that this court is, or may consider itself to be, the "reviewing court" pursuant to Arkansas Code Annotated section 25-15-212(d)(1) (Supp. 2019).

*Webb*, 2020 Ark. App. 30, at 1–2.

We denied Webb's motion to settle the record by accepting and filing in this court a certified record from the administrative agency, and we reasoned that

[t]he record on appeal truly discloses what occurred in the circuit court. We cannot grant the motion because to do so would be tantamount to introducing evidence into the appellate record that was not introduced at trial. We are prohibited from taking such action. *Tackett v. First Sav. of Ark.*, 306 Ark. 15, 810 S.W.2d 927 (1991) (discussing Ark. R. App. P. 6(e), the predecessor to our current Ark. R. App. P.-Civil 6(e)).

We are cognizant that our denial of this motion leaves the record before us devoid of the administrative record. Nevertheless, the parties must present their arguments on the basis of the record currently before us. Our ruling, however, does not foreclose the parties from arguing the effect, if any, that the failure to file the administrative record may have.

*Id*. at 4.

### III.  *Standard of Review and Applicable Law*

In a recent case addressing a sex offender's appeal of a community-notification-level assignment, this court stated,

Mitchell's appeal is made pursuant to, and governed by, provisions of the APA, Arkansas Code Annotated section 25-15-101 et seq., and the Sex Offender Registration Act, Arkansas Code Annotated sections 12-12-901 (Supp. 2019). The APA provides that an agency decision may be reversed or modified if the substantial rights of the petitioner have been prejudiced because the administrative findings,

4

inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; or (4) affected by other error of law. Ark. Code Ann. § 25-15-212(h) (Supp. 2019). The appellate court's review is directed not toward the circuit court but toward the decision of the agency. *State Sex Offender Assessment Comm. v. Wallace*, 2013 Ark. App. 654.

Under the APA, the circuit court may reverse or modify an agency decision if it prejudices the rights of the petitioner because the administrative findings, inferences, or decision are not supported by substantial evidence. *Brown v. Sex Offender Assessment Comm.*, 2014 Ark. App. 236, at 2–3. It is not the role of either the circuit courts or the appellate courts to conduct a de novo review of the record; rather, the review is limited to ascertaining whether there is substantial evidence to support the agency's decision or whether the agency's decision runs afoul of one of the other criteria set out in section 25-15-212. *Id.*

*Mitchell v. Sex Offender Assessment Comm.*, 2020 Ark. App. 261, at 3–4, 600 S.W.3d 648, 651.

Arkansas Code Annotated section 25-15-212 allows for judicial review of the SOAC's designation of level 2 for purposes of community notification in Webb's case. Ark. Code Ann. § 25-15-212(a) (Supp. 2019). Webb filed his petition in the circuit court within thirty days after service of the agency's final decision. Ark. Code Ann. § 25-15-212(b)(1)(A). The SOAC had thirty days, with court-approved extensions of that time up to ninety days, to file the administrative record in the circuit court. Ark. Code Ann. § 25-15-212(d)(1).

IV. *Discussion*

Webb's appeal is now squarely before us, and in his first point, he argues that we can determine the merits of his appeal without the benefit of the administrative record, which was not filed in the circuit court. He argues that the SOAC's failure to file the administrative record below enhances his claim that there is no substantial evidence of record to support

the "arbitrary" rating of community-notification level 2. Without citing any authority, he claims that caselaw suggests that this court must affirm an agency's decision in the absence of the complete record, and he argues that because the SOAC is at fault for this absence, he is entitled to a ruling in his favor. Nevertheless, he argues that a review of the entire record is not vital for this court because the SOAC summarized its own report in its pleadings below.

Webb's argument misses the mark. Appellate review of an administrative agency's decision is directed not toward the circuit court but toward the decision of the agency. *Dillard v. Sex Offender Assessment Comm.*, 2016 Ark. App. 147, 485 S.W.3d 701. The SOAC concedes that the administrative record of the agency proceedings is not before this court and that the agency decision central to this appeal is not before this court. We agree with the SOAC that this court is unable to undertake a judicial review to determine whether its decision is supported by substantial evidence.

The SOAC cites *Hankins v. Department of Finance & Administration*, 330 Ark. 492, 954 S.W.2d 259 (1997), which affirmed the agency's decision and held the appellant responsible for bringing up a record sufficient to show error. The court stated,

> Hankins appealed the adverse decision to the circuit court, which sustained the agency decision. The court granted DF&A's motion to be reimbursed for costs of producing the transcript pursuant to Ark. Code Ann. § 25-15-212(d)(2) (Repl. 1996).
>
> . . . .
>
> While Hankins's attorney was abstracting the record for review by this court, it was discovered that portions of it were missing. On March 3, 1997, the circuit judge issued an order settling the record and the ALJ's order was added. The circuit judge noted in a cover letter that the transcript of the administrative hearing did not contain all of the testimony and that the missing portions of the record of the

> administrative hearing were not in the material considered by the circuit court; therefore, the record could not be completed from the circuit court. Hankins did not seek to settle the record at the agency level.

*Hankins*, 330 Ark. at 494, 954 S.W.2d at 261. In its address of Hankins's argument that the circuit court had failed to consider the entire record of the administrative proceeding, the court reasoned,

> In an appeal from an administrative order, our review is directed to the agency's decision, not the circuit court's. *Brimer v. Arkansas Contractors Lic. Bd.*, 312 Ark. 401, 849 S.W.2d 948 (1993). However, we cannot review the agency's decision in this case because we do not have the complete record before us. It is incumbent upon an appellant to bring up a record sufficient to show error. *Winters v. Elders*, 324 Ark. 246, 920 S.W.2d 833 (1996). Our rules of appellate procedure provide a remedy for settling an incomplete or inaccurate record. Rule 6 of the Arkansas Rules of Appellate Procedure provides in pertinent part as follows, "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth." Hankins did not avail himself of this remedy.

*Id.* at 495, 954 S.W.2d at 261.

The SOAC argues herein that the appropriate remedy would be to permit the record to be settled so that a proper appellate review can be conducted. However, as set forth above, this court granted a motion to settle the record, which resulted in the circuit court's response that no administrative record was filed in this case. Unlike the appellant in *Hankins*, Webb did not fail to settle the record at the agency level, and we have found no precedent wherein the administrative agency completely failed to file the administrative record in the circuit court and the circuit court affirmed the agency's decision.[1]

---

[1]*See Ark. Dep't of Human Servs., Off. of Long-Term Care v. Egbosimba*, 2019 Ark. App. 608 (affirming default judgment in favor of nurse who had appealed her placement on the maltreatment registry; DHS failed to answer and failed to file the record in circuit court under section 25–15–212(d)(1); default judgment was granted in the circuit court; and DHS did not move to set aside the default judgment); *Snyder v. Ark. Dep't of Human Servs., Div.*

7

In *Webb*, we stated,

> Our ability to settle and supplement the record is governed by Rule 6(e) of the Arkansas Rules of Appellate Procedure–Civil, which provides:
>
>> Correction or Modification of the Record. If any difference arises as to whether the record truly discloses what occurred in the circuit court, the difference shall be submitted by motion to, and settled by, that court and the record shall be made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the circuit court before the record is transmitted to the appellate court, or the appellate court on motion made no later than 30 days after the appellee's brief is filed in the appellate court, or on its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary, that a supplemental record be certified and transmitted. All other questions as to form and content of the record shall be presented to the appellate court. No correction or modification of the record shall be made without prior notice to all parties.
>
> Ark. R. App. P.-Civ. 6(e) (2019).
>
> Under Rule 6(e), the circuit court may settle any difference that "arises as to *whether the record truly discloses what occurred in circuit court.*" Ark. R. App. P. Civ.-6(e) (emphasis added). Here, the administrative record was never filed in the circuit court and, presumably, was never considered by the court before entering its decision. As such, there is no difference to settle with the circuit court. The record on appeal truly discloses what occurred in the circuit court. We cannot grant the motion because to do so would be tantamount to introducing evidence into the appellate record that was not introduced at trial.

*Webb*, 2020 Ark. App. 30, at 3–4.

Because the SOAC failed to file the administrative record as is required under the statute, we reverse the circuit court's finding of substantial evidence.

---

*of Med. Servs., Off. of Long-Term Care*, 2018 Ark. App. 473, at 9–10, 559 S.W.3d 771, 777 (holding that appellant's argument for default judgment was incorrect because DHS had filed the record within the ninety-day limitation as provided in the statute); *Ark. Dep't of Human Servs., Div. of Econ. and Med. Servs. v. Kistler*, 320 Ark. 501, 898 S.W.2d 32 (1995) (holding that it was unnecessary to address the circuit court's finding that agency failed to file entire administrative record within ninety days as required by section 25-15-212(d)(1) because it had already held that agency's decision was arbitrary).

Reversed.

MURPHY and BROWN, JJ., agree.

*The Sindy Webb Law Firm*, by: *Cynthia "Sindy" Webb*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Nga Mahfouz*, Sr. Ass't Att'y Gen., for appellee.