Cite as 2024 Ark. App. 409

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-23-715

| | | |
|---|---|---|
| | | **Opinion Delivered** September 4, 2024 |
| SHANE LEDFORD | | APPEAL FROM THE HOT SPRING |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 30CR-22-290] |
| V. | | |
| | | HONORABLE CHRIS E WILLIAMS, |
| STATE OF ARKANSAS | | JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Shane Ledford appeals after the Hot Spring County Circuit Court revoked his probation and sentenced him to serve an aggregate of 192 months' imprisonment. Appellant argues on appeal that there was insufficient evidence to support the circuit court's revocation of his probation. We affirm.

I. *Relevant Facts*

On March 21, 2023, appellant pleaded guilty to second-degree domestic battering, a Class C felony, in violation of Arkansas Code Annotated section 5-26-304 (Supp. 2023); and endangering the welfare of a minor, a Class D felony, in violation of Arkansas Code Annotated section 5-27-205 (Supp. 2023). A sentencing order was filed on March 23, 2023. He was sentenced to seventy-two months' supervised probation and was ordered to pay court costs and fines in the amount of $2,690 at a rate of $100 a month.

The State filed a petition to revoke appellant's probation on April 18, 2023, and an amended petition to revoke appellant's probation on May 4, 2023. In the amended petition, the State alleged that appellant had violated his probation by committing new criminal offenses of third-degree domestic battery, possession of methamphetamine, criminal trespass, and violation of a no-contact order and failing to pay his supervision fees and court courts and fines. A revocation hearing was held on June 13, 2023.

At the hearing, Jennifer Starkey, appellant's probation officer, testified that, as part of appellant's probation, he agreed to certain written conditions. A signed copy of those written conditions was admitted into evidence, which included the prohibition against committing any criminal offense punishable by imprisonment and that he pay supervision and court fees. Officer Starkey testified that appellant was currently behind on his supervision fees.

Corporal Ryan Hanley of the Malvern Police Department testified that, on March 31, 2023, he was dispatched to a disturbance in progress at the intersection of Lowden and Elmo Streets. Once there, he met with appellant, who was carrying a large broomstick. Appellant's neck appeared to have been injured, and he told Corporal Hanley that the injury was caused by the broomstick he was carrying. Corporal Hanley further testified that Corporal Sealy left the scene and was able to meet with appellant's wife. He explained that Ms. Ledford "also had visible physical injuries claiming that it was [appellant]." Appellant was taken into custody, and Corporal Hanley found a small bag of what he suspected was methamphetamine in the front right coin pocket of appellant's pants. However, Corporal

Hanley was unable to field test the suspected methamphetamine at that time. Therefore, appellant was subsequently released pending a determination regarding the suspected methamphetamine. Corporal Hanley testified that both appellant and Ms. Ledford were eventually arrested and charged with domestic battery. Corporal Hanley also stated that appellant was given a "no-contact" order, and both appellant and Ms. Ledford were released on the domestic-battery charges due to a lack of "jail space . . . under the presumption she was allowed to go back to the house, and he was excluded from the house."

Hours after the Ledfords' release, Corporal Hanley was dispatched to Ms. Ledford's home. He knocked on the door, but no one answered. He eventually was able to contact and meet up with Ms. Ledford. He gave Ms. Ledford a ride back to the home, and she gave consent to go inside. Appellant was found hiding behind the couch in the living room. Appellant was again arrested and charged with violation of the no-contact order and criminal trespass.

Jamie Henson, the deputy clerk at the Malvern Sheriff's Office, testified that appellant still owed a total of $2,700 in court costs and fines. She noted that appellant had not yet made any payments despite the March 23, 2023, sentencing order that required appellant to make $100 monthly installment payments.

Appellant testified on his own behalf. He admitted that he heard testimony that he was charged with criminal trespass, violating the no-contact order, and domestic battery stemming from incidents that occurred on the morning and afternoon of March 31, 2023. He further admitted that he was placed on probation on March 21 or March 23, 2023, and

that he had signed the plea agreement. However, he testified he thought he did not have to make any payments immediately but had a month to make a first payment. He explained that he has been incarcerated since his second arrest on March 31, 2023, and has therefore been unable to make any payments.

At the conclusion of the hearing, the circuit court orally found that appellant had violated the conditions of his probation on the basis that he committed new criminal offenses, including third-degree battery, third-degree domestic battery, possession of methamphetamine, criminal trespass, and violation of a no-contact order. According to the sentencing order, the circuit court sentenced appellant to serve an aggregate of 192 months' imprisonment. This appeal followed.

## II. *Sufficiency of the Evidence*

A challenge to the sufficiency of the evidence may be raised for the first time in an appeal of a revocation in the absence of a motion for a directed verdict or motion to dismiss. *See Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001). In a revocation proceeding, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the circuit court's decision unless it is clearly against the preponderance of the evidence. *Flemons v. State*, 2014 Ark. App. 131; Ark. Code Ann. § 16-93-308(d) (Supp. 2023). Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended-sentence revocation. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). Since determination of a

4

preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the circuit court's superior position. *Id.* Furthermore, the State need only prove that the appellant committed one violation of the conditions in order to revoke appellant's sentence. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151.

Appellant argues that the "evidence adduced at trial does not support the revocation of Appellant's probation." He more specifically complains that "there was no testimony that Appellant did anything other than get arrested for domestic battery." He explains that Officer Hanley testified that he did not have a methamphetamine test kit to test the suspected methamphetamine; no lab results were ever discussed or admitted into evidence; and a copy of the no-contact order was not admitted into evidence. As such, appellant argues that his revocation should be reversed and dismissed. We disagree.

The conditions of appellant's probation that were admitted into evidence at the revocation hearing prohibited appellant from committing a criminal offense punishable by imprisonment. In relevant part, the amended petition to revoke alleged that on March 31, 2023, appellant committed the offense of third-degree domestic battery. A person commits domestic battering in the third degree if with the purpose of causing physical injury to a family or household member, the person causes physical injury to a family or household member. Ark. Code Ann. § 5-26-305(a)(1) (Supp. 2023). "Physical injury" means the impairment of physical condition; infliction of substantial pain; or infliction of bruising, swelling, or a visible mark associated with physical trauma. Ark. Code Ann. § 5-1-102(14) (Supp. 2023).

5

Here, Corporal Hanley testified that he responded to a disturbance on March 31, 2023. He found appellant carrying a large broomstick, and his neck was injured. Corporal Hanley further testified that Corporal Sealy left the scene and was able to meet with appellant's wife. He explained that Ms. Ledford "also had visible physical injuries claiming that it was [appellant]" who had injured her. Given this evidence, we cannot say that the circuit court's decision that appellant violated his probation by committing third-degree domestic battery[1] is clearly against the preponderance of the evidence. Because the State need only prove that the appellant committed one violation of the conditions in order to revoke appellant's sentence, it is unnecessary to address the other violations found by the circuit court. *Peals*, *supra*. Accordingly, we affirm.

Affirmed.

THYER and MURPHY, JJ., agree.

*Gregory Crain*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

[1] Appellant correctly states that the circuit court initially stated that "on *3-13* [appellant] committed the offense of domestic battery in the third degree." (Emphasis added.) However, the circuit court later clarified that appellant committed the alleged felonies and misdemeanors on the same day, which it stated was on March 31, 2023.