Cite as 2025 Ark. App. 527

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-24-758

| | |
|---|---|
| JOHN RICHARDSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered November 5, 2025<br><br>APPEAL FROM THE CLARK COUNTY CIRCUIT COURT<br>[NO. 10CR-21-178]<br><br>HONORABLE BLAKE BATSON, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Chief Judge

John Richardson appeals from the circuit court's order that extended his supervised probation for an additional four years. Richardson contends that the circuit court committed reversible error. We affirm.

Richardson is a Level 4 sex offender. Richardson was on probation for two years for failing to comply with sex-offender-registration requirements when the State filed a petition to extend his supervised probation and monitoring for fifteen years. The State alleged that Richardson posed a great risk to the community and was likely to commit additional crimes: he had unregistered email addresses and social media accounts; he was improperly acting as a pastor; he failed to properly register his activities; he had contacts with and recordings of minors; and his social-media activity and photographs demonstrated high-risk behaviors.

At the hearing, Richardson's probation officer testified that he learned Richardson was acting as a pastor and receiving pay (in the form of a "love offering") for those services, which Richardson was not allowed to do. The officer found an email address and a TikTok account that Richardson had not reported. There was a picture on Richardson's phone of him sitting in a chair with a small female on his lap; there were pictures of other minors and pictures of women's behinds; and there were text messages about meeting people for Bible studies and his acceptance of payments for his church-related services. Richardson had not been fully forthcoming when he requested a travel pass to visit family in Memphis. Richardson went to other locations than those listed on the pass, so Richardson had been on short-term house arrest. The officer agreed that Richardson's behavior would not necessarily rise to a formal probation violation, but he believed that Richardson's Level 4 status created concerns about his high-risk behaviors.

Richardson testified about the circumstances surrounding each of the State's allegations and provided what he believed were legitimate and innocent explanations. He said he checked in every ninety days. He said some of the information on his phone was years old, predating his probation. Richardson said he was not a "pastor" anymore, meaning that he was no longer in a leadership position at a church. Richardson would "preach" at church if asked and accept a donation if offered. He led an adult Bible study "every now and then." He denied ever being around children without supervision.

The circuit court granted the State's petition and extended Richardson's supervised probation for four years. The circuit court did not require Richardson to wear an electric

ankle monitor. This appeal followed. Richardson asserts that he was compliant with the sex-offender rules, so the circuit court erred in extending probation. We disagree.

Arkansas Code Annotated section 5-4-107(b)(1) (Repl. 2024) permits a prosecuting attorney to file a petition asking that a person on probation for certain sex offenses be subject to an extended period of supervision and monitoring. The petition is to include allegations that the extension is necessary because (1) the person poses a serious risk to the public and (2) there is a likelihood that the person would commit additional criminal offenses. *Id.* The State's burden of proof is by a preponderance of the evidence,[1] and, if the extension is granted, the period may be up to fifteen years. *Id.* § 5-4-107(d)(1). The standard for appellate review is abuse of discretion. *Id.* § 5-4-107(f).[2]

Richardson has failed to demonstrate that the circuit court committed reversible error. First, it is undisputed that Richardson is a Level 4 sex offender. The community-

---

[1]A preponderance of the evidence means it is more likely than not that the charged conduct occurred. *See Ames v. State*, 2024 Ark. App. 434, 698 S.W.3d 668. The determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony on which we defer to the circuit court's superior position. *Ledford v. State*, 2024 Ark. App. 409, 698 S.W.3d 127.

[2]Both Richardson and the State assert that we must view the evidence and all reasonable inferences in the light most favorable to the State and consider only the evidence supporting the verdict. To the contrary, the applicable statute, enacted by our legislature in 2015, specifies that the standard of review is abuse of discretion. An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Lewis v. State*, 2020 Ark. 350, 609 S.W.3d 389. An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Meredith v. State*, 2025 Ark. 38, 708 S.W.3d 765.

notification level required for sex offenders ranges from 1 (low) through 4 (high), which gauges the public's need to be informed depending on the severity of risk to the public. *Dillard v. Sex Offender Assessment Comm.*, 2016 Ark. App. 147, 485 S.W.3d 701. As relevant here, Level 4 describes a "sexually dangerous person" who is likely to engage in predatory sex offenses. *Id.* The designation indicates that the highest and most visible means of community notification is required. *Sex Offender Assessment Comm. v. Sera*, 2023 Ark. App. 239, 666 S.W.3d 862. Richardson is a Level 4 sex offender and a "sexually dangerous person," so he is by definition a serious risk to the community.

Section 5-4-107 also requires proof by a preponderance of the evidence that there is a likelihood that Richardson would commit additional criminal offenses. A person who has been adjudicated guilty of a sex offense must register as a sex offender and comply with sex-offender-registration rules. *See* Ark. Code Ann. § 12-12-906(a)(1)(A) (Supp. 2025). A sex offender who fails to register or verify registration as required is guilty of a Class C felony. Ark. Code Ann. § 12-12-904(a)(1)(A)(i). The sex-offender-registration requirements are mandatory, and the failure to comply is a strict-liability offense. *Hall v. State*, 2022 Ark. App. 232, 646 S.W.3d 204. Arkansas Code Annotated § 12-12-908(b) (Supp. 2025), which applies to all sex offenders, requires the offender to register a list of information that includes all email addresses used by the offender and all social-media-account information. *Id.* § 12-12-908(b)(20), (b)(22). The sex offender is required to verify his registration information at specific intervals. *See* Ark. Code Ann. § 12-12-909(a)(1) (Supp. 2025). Richardson was required to register all his email addresses and social-media-account information at the time

4

of registration and to verify the information periodically. Richardson had been sanctioned for violating travel-pass rules. On this evidence, we cannot say the circuit court committed reversible error in finding it likely that Richardson would commit additional criminal offenses.

Richardson also contends that the circuit court abused its discretion by failing to explain the basis for its decision to extend probation. Richardson fails to cite any authority (case law, statute, or court rule) to support his contention. Richardson did not request specific findings of fact from the circuit court. He raises this issue for the first time on appeal. An issue must be raised to the circuit court and ruled on to be preserved for appellate review. *Eastin v. State*, 370 Ark. 10, 257 S.W.3d 58 (2007). In addition, he fails to present persuasive authority to support his argument. The relevant statute, section 5-4-107, is silent on whether any specific findings of fact are required. We do not research or develop an appellant's argument for him. *Cluck v. State*, 365 Ark. 166, 226 S.W.3d 780 (2006). Accordingly, we will not address this argument on appeal. *See Sanders v. JLP, LLC*, 2024 Ark. App. 65, 683 S.W.3d 607.

Affirmed.

HARRISON and BROWN, JJ., agree.

*The Law Offices of J. Paul Coleman*, by: *Jay Paul Coleman*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.